The document below is hereby signed.

Signed: July 16, 2019



*S. Martin Teel, Jr.*
*signature*

S. Martin Teel, Jr.
United States Bankruptcy Judge

UNTIED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| RUTH MAE BERRY, | ) | Case No. 19-00410 |
| | ) | (Chapter 13) |
| Debtor, | ) | |
| | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER
DENYING REQUEST TO WAIVE REQUIREMENT TO FILE
CERTIFICATE OF CREDIT COUNSELING AND DISMISSING THE CASE

The debtor, Ruth Mae Berry, has filed a *Praecipe* (Dkt. No. 5) wherein she is essentially seeking an exemption from obtaining prepetition credit counseling. For the reasons stated below, the debtor's request will be denied, and the case will be dismissed.

I

The debtor initiated this case by the filing of a voluntary petition under chapter 13 of the Bankruptcy Code on June 24, 2019, to prevent the foreclosure of her property. The debtor's *Praecipe* indicates that the debtor "was attempting to find credit counseling, but was unaware of the requirement to find counseling." The debtor further states in the *Praecipie* that she "cannot afford counseling on such short notice."

Under 11 U.S.C. § 109(h)(1), a person may not be a debtor if that person has not received a certificate of credit counseling within 180 days prior to the filing of a case in bankruptcy. There are only two exemptions for filing a certificate of credit counseling under § 109(h)(1). Under 11 U.S.C. § 109(h)(3)(A), a debtor may be temporarily exempted from obtaining credit counseling if the debtor:

> submits to the court a certificate that—
>
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
>
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 7-day period beginning on the date on which the debtor made the request; and
>
> (iii) is satisfactory to the court.

Under 11 U.S.C. § 109(h)(4):

> The requirements of paragraph (1) shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, incapacity means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and "disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or Internet briefing required under paragraph (1).

The debtor has not alleged any facts to show incapacity, disability, or that she is in active military duty. In fact, the

2

debtor's *Praecipe* acknowledges that the debtor "was attempting to find credit counseling," which indicates that the debtor could take the credit counseling course. Accordingly, the debtor may only seek a temporary exemption under § 109(h)(3).

However, the debtor does not qualify for a temporary exemption from the requirement of obtaining credit counseling. Even if the debtor's foreclosure sale was imminent (*e.g.*, the next day after trying to find credit counseling), and that was an exigent circumstance,[1] the debtor here is not entitled to a temporary waiver. The debtor has not shown that she was unable to obtain credit counseling within the 7-day period after making a request for credit counseling, and her request for a waiver is not satisfactory to the court.

The debtor's *Praecipe* indicates that the debtor "was attempting to find credit counseling, but was unaware of the requirement to find counseling." However, a debtor's being

---

[1] Courts are not in agreement whether an extremely imminent foreclosure sale may be considered an exigent circumstance. *Compare In re Rodriguez*, 336 B.R. 462, 474-475 (Bankr. Idaho 2005) (holding that filing a petition on the eve of foreclosure was not an exigent circumstance because "[foreclosures do not come without a good deal of advance notice . . . nonbankruptcy law has myriad procedural protections for debtors providing advance notice of what might occur and when"), *with In re Cleaver*, 333 B.R. 430, 435 (Bankr. S.D. Ohio 2005) (holding imminent foreclosure was an exigent circumstance because "the common reality is that many debtors file at the last minute just before a foreclosure sale . . . [f]urthermore, it is difficult to conceive of an exigent circumstances related to bankruptcy that would not involve impending creditor action").

unaware of the requirement is not a basis for excusing the debtor from making a request for credit counseling if she is to be entitled to a waiver of the prepetition credit counseling requirement. *In re Talib*, 335 B.R. 424, 427 (Bankr. W.D. Mo. 2005) (ignorance of the credit counseling requirement insufficient to qualify for a waiver of that requirement).

She further states that she "cannot afford counseling on such short notice." However, she was able to pay $90 towards the payment of the filing fees upon filing her petition. Moreover, credit counseling agencies must "provide services without regard to ability to pay the fee." 11 U.S.C. § 111(c)(2)(B). The debtor does not allege that she requested credit counseling and a waiver of the fee for credit counseling, and that she was unsuccessful in obtaining a waiver of the fee. In that circumstance, financial hardship is not a ground for waiving credit counseling. *In re Nealen*, 407 B.R. 194 (Bankr. W.D. Pa. 2009); *In re Palacios*, No. 08-11172-SSM, 2008 WL 700968, at *2 (Bankr. E.D. Va. Mar. 13, 2008).[2]

Finally, the debtor's *Praecipe* indicates that she was attempting to find credit counseling, but was unaware of the requirement, and she "cannot afford counseling on such short

---

[2] Moreover, such an inability to pay the credit counseling fee raises an issue of whether the debtor has regular income such as to be eligible under 11 U.S.C. § 109(e) for Chapter 13 relief. *In re Palacios*, *supra*, 2008 WL 700968, at *2 n.1.

4

notice." The *Praecipe* is thus inconsistent with the box the debtor checked on the petition indicating that she asked for credit counseling services from an approved agency but was unable to obtain those services within the seven days after she made her request. Because the *Praecipe* does not establish that the debtor ever requested credit counseling from an approved nonprofit budget and credit counseling agency, and that she was unable to obtain the credit counseling within seven days of requesting it, it is not a certificate complying with § 109(h)(3)(A)(ii) such as to entitle her to a temporary waiver.

    In any event, the debtor's petition instructed her:

> To ask for a 30-day temporary waiver of the requirement, attach a separate sheet explaining what efforts you made to obtain the briefing, why you were unable to obtain it before you filed for bankruptcy, and what exigent circumstances required you to file this case.

Credit counseling generally can be obtained within a day or two after requesting it, and the debtor has not identified a credit counseling agency to whom she made a request, and has not explained why (if she made a request), the credit counseling agency was unable to provide such counseling within seven days. In those circumstances, the debtor's *Praecipe* is not a certificate satisfactory to the court. *See In re Rodriguez*, 336 B.R. 462, 474 (Bankr. D. Idaho 2005) (certificate was unsatisfactory in failing to provide any detail of facts pertinent to requesting credit counseling and being unable to

obtain it within the specified statutory period). Thus, under § 109(h)(3)(A)(iii), the debtor is not entitled to a temporary waiver.

Accordingly, the debtor does not qualify for a temporary exemption from obtaining credit counseling and therefore is ineligible under 11 U.S.C. § 109(h)(1) to be a debtor. The case must be dismissed.

## II

In addition, the debtor failed to file a mailing matrix, and was ordered by July 1, 2019, to file a mailing matrix or show cause why the case ought not be dismissed. She filed nothing in response to that order. That is an additional reason why the case should be dismissed.

## III

For aforesaid reasons, it is

ORDERED that the debtor's *Preacipe* (Dkt No. 5) is DENIED. It is further

ORDERED that the above-captioned case is DISMISSED.

[Signed and dated above.]

Copies to: Debtor (by hand-mailing); Recipients of e-notifications of filings; all entities on BNC mailing list.

6

R:\Common\TeelSMT\TTS\Orders\109(h)\Order of dismissal - 109(h)_failure to file cert of credit counseling_Ruth Berry_v3.wpd